**In re Petition for DISCIPLINARY AC-TION AGAINST Karl Matthew RA-NUM, an Attorney at Law of the State of Minnesota.**

No. CX–00–351.

Supreme Court of Minnesota.

June 13, 2000.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Karl Matthew Ranum has committed professional misconduct warranting public discipline, namely, making a false statement to the court and to the Director, failing to draft a qualified domestic relations order in a timely manner, failing to file his state and federal personal income tax returns on time for the years 1993 through 1997, practicing law during a 7–month period in which he was on restricted status for failure to satisfy his Continuing Legal Education requirements, and misusing his trust account and failing to properly maintain the required trust account books and records, in violation of Rules 1.3, 1.15, 3.2, 3.3(a)(1), 4.1, 5.5(a), 8.1(a)(1), 8.4(c), and 8.4(d), Minnesota Rules of Professional Conduct, and Lawyers Professional Responsibility Board Opinion No. 9.

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director wherein they jointly recommend that the appropriate discipline is a 3–month suspension followed by 2 years' unsupervised probation subject to the following conditions:

(1) Respondent shall pass the professional responsibility portion of the state bar examination within one year of the date of this court's order;

(2) The reinstatement hearing provided for in Rule 18, RLPR, is waived;

(3) Respondent shall be required to file all outstanding state and federal tax returns for the calendar years 1993 through 1999 before submitting an affidavit requesting reinstatement;

(4) Respondent shall comply with Rule 26, RLPR;

(5) Respondent shall be reinstated to the practice of law following the expiration of his suspension provided that, no more than 15 days before the expiration of the suspension period, respondent files an affidavit with the Clerk of Appellate Courts and the Director's Office establishing that respondent has filed his outstanding tax returns, is current with Continuing Legal Education re-

quirements, has fully complied with Rules 24 and 26, RLPR, and has satisfactorily completed all other conditions imposed by the court in its decision;

(6) Upon respondent's reinstatement to the practice of law, he shall be placed on unsupervised probation for a period of 2 years, subject to the following terms:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with his probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of professional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorizations for release of information and documentation to verify compliance with the terms of his probation.

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(c) Respondent shall maintain law office and trust account books and records in compliance with Rule 1.15, MRPC, and LPRB Opinion No. 9. These books and records include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, canceled checks, duplicate deposit slips and bank reports of interest, service charges and interest payments to the Lawyer Trust Account Board. Such books and records shall be made available to the Director within 30 days of the court's order and thereafter shall be made available to the Director at such intervals as he deems necessary to determine compliance.

(d) Respondent shall timely file all required state and federal tax returns, including individual and employer withholding returns, and timely pay the taxes due thereon. Respondent shall affirmatively report to the Director, on or before the due date of the required returns, his compliance with filing and payment requirements. Such reports shall include copies of the required returns. On or before the filing deadline, respondent shall provide the Director with copies of all applications for filing extension and proof of approval of such applications. Respondent shall provide all of the documents and information required without specific reminder or request.

(e) No more than 60 days from the date of the court's order for reinstatement and probation, respondent shall enter into agreements satisfactory to the Internal Revenue Service (IRS) and the Minnesota Department of Revenue (DOR) for the payment of all unpaid taxes. Respondent shall provide the Director with copies of the payment agreements. If after 60 days, agreement with the IRS and/or DOR has not been reached despite diligent effort by respondent, respondent shall report monthly to the Director concerning his progress in reaching agreement. Such reports shall continue until written agreements have been signed by both the IRS and DOR.

This court has independently reviewed the file and approves the jointly recommended disposition.

IT IS HEREBY ORDERED that respondent Karl Matthew Ranum is suspended from the practice of law for 3 months and placed on 2 years' unsupervised probation, subject to the reinstatement and probation conditions jointly agreed to and stated above. Respondent is further ordered to pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT:
Alan C. Page
Associate Justice